1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| TYRELL AINSWORTH, CDCR #AL-4915, | Case No.: 24cv1482-AJB (AHG) |
| Plaintiff, | **ORDER:** |
| vs. | **1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g);** |
| JEFF MACOMBER, Secretary, et al., | **2) DENYING MOTION TO SUPPLEMENT COMPLAINT; and** |
| Defendants. | **3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

11
12
13
14
15
16
17
18
19
20
21

22     On August 19, 2024, Plaintiff Tyrell Ainsworth, a state prisoner proceeding pro se,

23 filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed

24 in forma pauperis ("IFP").  (ECF Nos. 1-2.)  On September 3, 2024, the Court denied the

25 IFP motion and dismissed this action for failure to satisfy the filing fee requirement.  (ECF

26 No. 2.)  Plaintiff subsequently filed a First Amended Complaint, a Motion to supplement

27 the complaint, a Second Amended Complaint, a letter to the Court, a Third Amended

28 Complaint, a second IFP Motion, and a second letter to the Court.  (ECF Nos. 5-6, 8-12.)

## I.    Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011).  Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*  In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  "Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.")  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here. The Court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of court proceedings available on PACER, the Court finds that Plaintiff Tyrell Ainsworth, identified as CDCR Inmate #AL-4915, while incarcerated, has had at least three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

> (1) *Ainsworth v. Frisco*, Case No. 2:18-cv-07682-PSG-AGR (C.D. Cal. Sept. 14, 2018 (Doc. No. 4) (order dismissing as frivolous, malicious, or failure to state a claim on which relief may be granted) (strike one);

> (2) *Ainsworth v. Batsakis*, Case No. 2:23-cv-01281-PA-AGR (C.D. Cal. Feb. 27, 2023) (Doc. No. 4) (order dismissing as frivolous, malicious, or failure to state a claim on which relief may be granted) (strike two);

> (3) *Ainsworth v. Macombre*, et al., Case No. 2:23-cv-04263-PA-AGR (C.D. Cal. July 24, 2023 (Doc. No. 6) (order dismissing as frivolous or malicious (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), he is not entitled to the privilege of proceeding IFP in this action unless he makes a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.")

Plaintiff does not meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021). In the several versions of his complaint and his motion to supplement, Plaintiff seeks money damages and declaratory relief for actions taken against him in retaliation for filing inmate grievances over the course of several years at several prisons. (ECF No. 1 at 5-14; ECF No. 5 at 5-12; ECF No. 6 at 2; ECF No. 8 at 1-6; ECF No. 10 at 5-7.) Plaintiff has not satisfied the imminent danger of serious physical injury requirement in order to proceed IFP in this case.

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 11) as barred by 28 U.S.C. § 1915(g); (2) **DENIES** Plaintiff's Motion to supplement (ECF No. 6) as moot; (3) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and (4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: October 11, 2024

Hon. Anthony J. Battaglia
United States District Judge